**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD JACKSON, | ) | CASE NO. CV 06-00488 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff suffers from a degenerative disk. The Administrative Law Judge determined that Plaintiff could perform a variety of light work, stating that he agreed with the assessment by Dr. Workmon, a consulting physician. [AR 20] Dr. Workmon's report does seem to suggest that Plaintiff could perform such work — until the concluding paragraph, where Dr. Workmon states:

> In my opinion, this patient is capable of lifting 20 lbs occasionally and 10 lbs frequently. He can sit, stand and walk for 6 hours in an 8-hour workday with rest periods every hour to allow him to alternate his position.

[AR 124]  It is this last phrase upon which Plaintiff rests his argument in this Court. Dr. Workmon qualified his opinion, but the Administrative Law Judge did not address the qualification.  In this Court, the Defendant argues that the Administrative Law Judge had the authority to resolve conflicting medical evidence, and that there was sufficient medical evidence which conflicted on which he relied.  It is true that it is the Administrative Law Judge is the one to resolve conflicting medical evidence, *see Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004), but it is also true that the Court cannot rely on post-hoc justifications for what the Administrative Law Judge actually decided.  *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). If the Administrative Law Judge relied on Dr. Workmon's assessment, as he says he did, this Court cannot uphold the decision on the basis that he rejected part of the doctor's assessment, as the Defendant now argues that he did.

Plaintiff argues that therefore he is entitled to benefits, because the vocational expert testified that a person with his true limitations could not work.  The extent of the limitation imposed by Dr. Workmon's opinion, however, was not clear. In stating that Plaintiff "can sit, stand and walk for 6 hours in an 8-hour workday with rest periods every hour to allow him to alternate his position," Dr. Workmon did not indicate the length of such required rest periods; given his findings, he may have meant only a momentary rest, or he may have meant something lengthier.  Counsel's question to the vocational expert, however, assumed the worst:

> Q. My other hypothetical individual who would not be able to complete a normal — would not have the ability to sit, stand, or walk the entirety of eight hours total in an eight hour workday I assume this person would not be able to do the claimant's past relevant work or any work in the national economy, is that correct?

1          A. That is correct.

[AR 295]

On the basis of this record, this Court cannot conclude that Dr. Workmon and the vocational expert were proceeding from the same understanding of Plaintiff's limitations. Indeed, as indicated, it is not clear to the Court how extensive Dr. Workmon meant his limitations to be. Accordingly, the case must be remanded for clarification, because in its present state substantial evidence does not support the Administrative Law Judge's conclusion.

In accordance with the foregoing, the decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this memorandum.

IT IS SO ORDERED.

DATED: February 5, 2007

                                              _____
                                                 RALPH ZAREFSKY
                                       UNITED STATES MAGISTRATE JUDGE